IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Jason Alexander Pulley, )<br>Petitioner, )<br> )<br>v. )<br> )<br>Harold W. Clarke, )<br>Respondent. ) | 1:14cv1563 (AJT/TCB) |

MEMORANDUM OPINION

Jason Alexander Pulley, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of robbery entered on a jury verdict in the Circuit Court of Dinwiddie County. Respondent has filed a Motion to Dismiss the petition, along with a supporting brief and exhibits. Petitioner was provided with notice as required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. For the reasons which follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

I. Background

On March 9, 2012, a jury in Dinwiddie County found petitioner guilty of one count of robbery. Case No. CR10-0611; Resp. Ex. 1. By Order entered May 8, 2012, he was sentenced to serve twenty-five (25) years in prison. Resp. Ex. 2.

Petitioner took a direct appeal of his conviction, arguing that eyewitness testimony presented at trial was insufficient to sustain the conviction. On January 16, 2013, the Court of

Appeals of Virginia refused the appeal. R. No. 0765-12-2. Petitioner acknowledges that he did not seek further review of that decision by the Supreme Court of Virginia. Pet. at 2.

On September 17, 2012, petitioner filed a petition for a state writ of habeas corpus in the trial court, asserting that he received ineffective assistance of counsel for the following reasons:

    A.    Counsel labored under a conflict of interest.

    B.    Counsel failed to move to suppress the identification testimony of a trial witness.

    C.    Counsel failed to negotiate a plea agreement.

    D.    Counsel failed to investigate petitioner's defense.

    E.    Counsel failed to introduce petitioner's mugshot into evidence.

Resp. Ex. 3. The court entered a Final Order denying and dismissing the petition on the merits on March 7, 2013. Resp. Ex. 4. Again, petitioner did not seek further review of that decision by the Supreme Court of Virginia.

On November 6, 2013, petitioner turned to the federal forum and filed a first application for relief pursuant to §2254, reiterating the claims he had raised on direct appeal and in the state habeas corpus proceeding. By an Order dated December 13, 2013, the petition was dismissed, without prejudice, for petitioner's failure to exhaust the claims before the Supreme Court of Virginia. Case No. 1:13cv1465 (AJT/TRJ); Resp. Ex. 6.

Petitioner then returned to the state forum and filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, realleging the same claims he raised in his first federal habeas application. Resp. Ex. 7. In an Order dated June 25, 2014, the Court dismissed the petition for the dual reasons that it was filed untimely pursuant to Va. Code §8.01-654(A)(2), and that the

claims raised were barred from consideration by Va. Code §8.01-654(B)(2), which precludes consideration of a successive habeas claim which was known to the petitioner at the time the earlier petition was filed. Resp. Ex. 8.

Petitioner timely filed the instant §2254 application on October 15, 2014, asserting the following claims:

    1.    The eyewitness testimony presented at trial was insufficient to sustain the conviction.

    2.    He received ineffective assistance of counsel because his attorney failed to prepare an adequate defense, in that she:

        A.    failed to request a jury instruction that could have resulted in his conviction of a lesser offense;

        B.    failed to challenge the prosecution's theory that money found in the vehicle in which he was a passenger came from the robbery; and

        C.    failed to alert him to the presence of venire member who could have been prejudiced against him.

    3.    He received ineffective assistance of counsel when his attorney failed to present evidence in the form of his booking photograph.

    4.    His attorney labored under a conflict of interest because she previously had represented a defendant against whom petitioner testified.

In an initial Order, petitioner was directed to show cause why all of his claims should not be precluded from federal review due to their procedural default in the Virginia courts. (Dkt. No. 2) Petitioner acknowledged in his response that he could not demonstrate why his first claim, a

challenge to the sufficiency of the evidence at trial, should not be deemed procedurally defaulted, but he contended that his claims of ineffective assistance of counsel should be considered on the merits pursuant to Martinez v. Ryan, ___ U.S. ___, 132 S.Ct. 1309 (2012). (Dkt. No. 3) Accordingly, in an Order dated July 10, 2015, the Court stated that it would dismiss petitioner's first claim and directed respondent to show cause why the writ should not be granted as to the remaining claims of ineffective assistance. (Dkt. No. 5)[1] As noted above, respondent has now filed a Rule 5 Answer and a Motion to Dismiss, and petitioner has filed a reply. Accordingly, the matter is now ripe for adjudication. For the reasons which follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

## II. Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

---

[1] Although the Court stated in the body of the Order of July 10, 2015 that petitioner's claim that the trial evidence was insufficient to sustain the conviction would be dismissed (Dkt. No. 5 at 1), the dismissal language inadvertently thereafter was omitted. To rectify that clerical error, the claim will be dismissed in the Order that accompanies this Memorandum Opinion.

However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). Therefore, such a claim is deemed to be simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review a barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

### III. Analysis

At this juncture, it is apparent that all of petitioner's present claims of ineffective assistance of counsel are procedurally barred from federal review, for two distinct reasons. As noted above, petitioner argued in response to the Court's initial order that the default of these claims should be excused on the basis of Martinez v. Ryan, supra. In Martinez, the Supreme

Court

> ... held that a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the 'cause' for default 'consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding'; (3) 'the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim'; and (4) state law requires 'requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding.

Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014), quoting Trevino v. Thaler, 569 U.S. at ___, 133 S. Ct. 1911, 1918 (2013). The Fourth Circuit has interpreted Martinez as creating a "narrow exception" to the general rule of Coleman, supra, which bars federal review of a claim that was not exhausted in the state courts. Fowler, 753 F.3d at 460-61. For the reasons which follow, petitioner's reliance on the "narrow exception" of Martinez is unavailing as to all of his remaining claims.

A. Claims 3 and 4

Petitioner originally raised claims 3 and 4 of the instant petition in his initial state collateral proceeding, where they were denominated as claims E and A, respectively. Resp. Ex. 3. In that proceeding, the habeas trial court denied both claims on their merits. Resp. Ex. 4. However, the claims were not thereby exhausted for purposes of federal review, because petitioner failed to appeal the trial court's denial of his habeas application to the Supreme Court of Virginia. Cf. O'Sullivan, 526 U.S. at 845. Thus, the default of these claims did not arise out of the absence of counsel during the initial-review collateral proceeding, cf. Fowler, 753 F.3d at 461; rather, the default occurred because after the claims were denied on the merits during the

initial-review collateral proceeding, petitioner himself did not pursue an appeal of their denial to the highest state court. Accordingly, petitioner's reliance on Martinez as to these claims is misplaced.

In petitioner's reply to the respondent's Motion to Dismiss, he argues that Martinez should be deemed to excuse the procedural default created when he failed to appeal the habeas trial court's order, because he continued to act without the assistance of counsel. However, the Court in Martinez was careful to clarify that ineffective assistance of counsel in an appeal from a post-conviction proceeding, as opposed to in the initial-review stage of the collateral proceeding, does not constitute cause to overcome a procedural bar. Martinez, 132 S.Ct. at 1320 (noting that the holding of the case does not include attorney errors in "other kinds of proceedings, including appeals form initial-review collateral proceedings...."). Thus, it follows that the fact that petitioner remained unrepresented when he defaulted his claims at the appellate stage of his first state habeas proceeding does not suffice to bring his actions within the Martinez exception.

When petitioner subsequently attempted to raise claims 3 and 4 before the Supreme Court of Virginia in his second state collateral proceeding, the Court found the claims to be both untimely and successive. Both of these reasons have been held to be adequate and independent state law grounds preventing federal habeas review of procedurally defaulted claims. See Sparrow v. Dir., Dep't of Corrections, 439 F.Supp. 2d 584, 587 (E. D. Va. 2006) (finding the limitations period of Va. Code §8.01-654(A)(2) to be adequate and independent); Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997) (determining procedural bar of successive habeas applications in Va. Code §8.01-654(B)(2) to be a well-recognized adequate and independent ground). Therefore, claims 3 and 4 of this petition are both unexhausted and procedurally

defaulted, and because petitioner has failed to establish cause and prejudice for their default, federal consideration of the claims is precluded.

B. Claims 2(A) - (C)

Martinez likewise does not operate to excuse the default of claims 2(A)-(C), albeit for a different reason. Unlike claims 3 and 4, these claims were not considered on the merits in any state habeas corpus proceeding. Martinez does not apply to permit their review here because in each instance, the allegations petitioner presents are not sufficiently "substantial" to come within the "narrow exception" created by Martinez. As the Court in that case stressed, "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318. It is the petitioner's burden to demonstrate that his claims are "substantial." Fowler, 753 F.3d at 461. Petitioner here fails to make such a showing.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in

scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In claim 2(A), petitioner contends that counsel provided ineffective assistance by failing to request a jury instruction that would have allowed the jury to find him guilty only of being a accessory after the fact to the robbery. However, it is well settled in federal jurisprudence that "strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable." Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. Here, the record demonstrates that counsel chose to pursue a defense which, if successful, would have resulted in petitioner's acquittal of the

9

robbery charge. Counsel argued to the jury that the evidence failed to prove beyond a reasonable doubt that petitioner was the individual who entered the bank and committed the robbery. Counsel challenged the reliability of the bank teller's testimony by pointing out that the teller had failed to observe any tattoos on the wrists of the robber. Counsel then had petitioner display his tattoos to the jury. Resp. Ex. 9, T. 125. Counsel argued that petitioner had been an innocent passenger in a vehicle from which another individual had exited and committed the robbery. In furtherance of that scenario, petitioner testified that he had no advance knowledge that the other passenger had planned to commit a robbery, and that he stayed in the car while the robbery was carried out and was unaware that it had occurred. Id., T. 126-28.

Against this backdrop, it is readily apparent that petitioner's current argument that counsel was ineffective for failing to seek a jury instruction that would have allowed petitioner to be found guilty of being an accessory after the fact is without merit. Counsel's pursuit of a strategy designed to result in petitioner's acquittal of the robbery charge was patently reasonable, and its efficacy would have been undermined had counsel simultaneously suggested to the jury that petitioner might have had some criminal culpability after all. In short, petitioner's claim 2(A) falls short of calling into question the effectiveness of counsel's representation, and as such it is not sufficiently substantial to warrant setting aside its procedural default pursuant to Martinez.

In claim 2(B), petitioner asserts that counsel's efforts fell below constitutional standards when she failed to challenge the prosecution's argument that the money taken during the robbery was the same money that was recovered from the vehicle in which petitioner was a passenger. However, evidence adduced at trial established that the individual who committed the robbery entered the vehicle, and that when the vehicle was stopped "two to three minutes" later, it

contained "piles of money." Resp. Ex. 9, T. 125-26. Given this testimony, the argument petitioner now suggests would have undermined counsel's credibility with the jury, and as such could have undermined counsel's strategy of attempting to convince the jurors that petitioner was only an innocent bystander to the robbery. Since a court must be "highly deferential" in scrutinizing counsel's performance, Burket, 208 F.3d at 189, and since petitioner offers nothing to suggest that the outcome of the trial have been different had counsel made the argument he now suggests, he has failed to demonstrate that claim 2(B) is of sufficient merit to be deemed substantial for purposes of applying Martinez. Thus, petitioner has failed to demonstrate cause and prejudice for his procedural default of claim 2(B).

In claim 2(C), petitioner asserts that counsel provided ineffective assistance by failing to alert him that Valerie Johnson was a member of the venire at his trial. Petitioner states that had he known this he would have urged counsel to strike Johnson because she worked with petitioner's mother and thus could have had advanced knowledge of the case that would have prejudiced her against him. Significantly, however, petitioner never says that he expressed these concerns about Johnson to his attorney. Without being apprised of information that was uniquely within petitioner's possession, counsel had no reason to bring Johnson's presence to petitioner's attention. As formulated, then, petitioner's argument fails to "evaluate the conduct from counsel's perspective at the time," and does not fully "reconstruct the circumstances of counsel's challenged conduct." Strickland, 466 U.S. at 689. From counsel's perspective, there was no reason to strike Johnson from the venire, since she had not been apprised by petitioner of the alleged working relationship between Johnson and petitioner's mother. Accordingly, counsel's failure to move to strike Johnson satisfies neither component of the Strickland test, and claim

2(C) has not been shown to be of sufficient substance to merit application of the <u>Martinez</u> exception.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 1st day of February 2016.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge